UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT FINLEY and<br>CHRISTOPHER FINLEY,<br><br>        Plaintiffs,<br><br>v.<br><br>GEORGE WESTON BAKERIES<br>DISTRIBUTION, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Docket No. 2:06-CV-188-GZS<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO REMAND**

Presently before the Court is Plaintiffs' Objection to Defendant's Notice of Removal (Docket # 8). Via this Objection, Plaintiffs move to have this matter remanded to state court claiming that, despite Defendant's assertions in its Notice of Removal (Docket # 1), this Court does not have jurisdiction under 28 U.S.C. § 1332. Specifically, Plaintiffs challenge whether Defendant can establish the requisite amount in controversy. For the reasons briefly explained below, the Court DENIES Plaintiff's Motion (Docket # 8).

**I.   STANDARD OF REVIEW**

In cases involving removal, it is the defendant who is invoking federal jurisdiction and must, therefore, bear the burden of proving that federal jurisdiction exists at the time of removal. See, e.g., Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 2-3 (D. Me. 2004). In cases in which a defendant invokes diversity jurisdiction as a basis for removal, courts in this district have required that the defendant establish the requisite amount in controversy by a preponderance of the evidence. See Vradenburgh v. Wal-Mart Stores, Inc., 397 F. Supp. 2d 76, 78 (D. Me. 2005); Bernier v. Unicco Service Co., Civ. 04-280-P-C, 2005 WL 767443 (D. Me.

Feb. 7, 2005); Doughty v. Hyster New England, Inc., 344 F. Supp. 2d 217, 219 (D. Me. 2004); Karofsky v. Abbott Labs., 921 F. Supp. 18, 20 & n.3 (D. Me. 1996).

In assessing the amount in controversy, the Court considers the "litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint." Doughty, 344 F. Supp. 2d at 219. In cases involving multiple plaintiffs, "[i]t is well settled that while an individual plaintiff's multiple claims against a single defendant may be aggregated to determine diversity jurisdiction, the separate claims of multiple plaintiffs against a single defendant cannot be aggregated to meet the jurisdictional requirement." Clark v. State Farm Mutual Auto. Ins. Co., — F.3d —, 2007 WL 38410 (7th Cir. 2007) (citing Sarnoff v. Am. Home Prods. Corp., 798 F.2d 1075, 1077 (7th Cir. 1986)).

## II.   FACTUAL BACKGROUND & PROCEDURAL POSTURE

The case before the Court involves two plaintiffs: Robert Finley and Christopher Finley. Each of the Finleys has operated distribution routes for Defendant George Weston Bakeries, Inc. ("GW Bakeries") pursuant to Distribution Agreements and individual Bills of Sale. Robert Finley purchased his distribution route on August 7, 2006 for $130,415.00. (See Ex. D to Docket # 10.) Christopher Finley purchased his distribution route on April 10, 2006 for $76,507.00. (See Ex. E to Docket # 10.)

Via the pending Complaint, each Plaintiff asserts claims for Breach of Contract/Unconscionability, violation of the Maine Business Opportunity Act ("MBOA"), 32 M.R.S.A. § 4691 et seq., and violation of Maine Unfair Trade Practices Act ("MUTPA"), 5 M.R.S.A. § 205-A et seq. The Complaint seeks a number of remedies, including injunctive relief, declaratory relief, damages and attorney's fees. In accordance with Maine law, the

Complaint, which was filed with the Cumberland County Superior Court on October 27, 2006, contains no demand for a particular dollar amount of damages. See 14 M.R.S.A. § 52.

Nonetheless, Defendant removed to this Court on November 3, 2006 claiming jurisdiction pursuant to 28 U.S.C. § 1332. While neither party disputes that Plaintiffs and Defendant are citizens of different states, namely Maine and Delaware, Plaintiff challenges Defendant's assertion that the amount in controversy between either Plaintiff and Defendant exceeds $75,000.

### III. DISCUSSION

Defendant's attempt to meets its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 consists of essentially three proffers; the Court addresses each in turn.

First, GW Bakeries essentially suggests that this Court look to other cases in assessing the litigation value of either Robert Finley's and/or Christopher Finley's claims.  Defendant is certainly correct that looking at amounts *recovered* in other similar cases has previously been accepted as a method for determining litigation value, at least in the context of tort cases. See Stewart v. Tupperware Corp., 356 F.3d 335, 339-40 (1st Cir. 2004). The problem with utilizing this method in the current case is that Defendant's proffer with respect to the litigation value of similar cases quite simply does not meet the burden of proof. Defendant's proffer consists of a lone deposition excerpt of Marvin Negley, who had made similar allegations against GW Bakeries with respect to his own distribution route. See generally Gagne v. George Weston Bakeries Distrib., Inc. (Docket # 2:05-cv-77-GZS). In this deposition excerpt, Mr. Negley estimates his annual damages at approximately $34,000 per year. The Court questions whether this deposition testimony is even a proper estimate of the predictable litigation value of Mr.

Negley's claim based on the limited information provided.[1]  In any event, without further information, concluding that the damages claimed by Mr. Negley are similar to the litigation value of either Robert Finley's or Christopher Finley's claims would amount to pure speculation. Moreover, it appears that each of the Finleys have been operating their distribution routes for less than a year based on the dates contained in the individual Bills of Sale.  Thus, using the Negley estimate of annual damages as an estimate of the litigation value for each Plaintiff's claims would yield an amount ($34,000 each) that does not meet the requisite amount in controversy.

Second, Defendant urges the Court to take notice of the provision of MBOA that allows for rescission and "recovery of all money or other valuable consideration paid for the business opportunity."  32 M.R.S.A. § 4700.  Although Plaintiffs' Complaint does not specifically invoke this remedy, it certainly leaves open the possibility of seeking this remedy.  Furthermore, the Court notes that Plaintiffs, having filed no reply, have not affirmatively told the Court that they are not or will not seek as damages "recovery of all money or other valuable consideration paid for the business opportunity."  Id.  Thus, drawing all reasonable inferences in favor of Plaintiffs' Complaint, it appears that the litigation value of Robert Finley's claims may exceed $130,000. and the litigation value of Christopher Finley's may exceed $76,000.  (See Ex. E to Docket # 10.)

Given these findings, the Court only briefly notes that it has additionally considered Defendant's proffer that this Court consider attorney's fees in assessing the requisite amount in controversy.  Because both the MBOA and MUTPA specifically allow for an award of attorney's fees, the Court is certainly entitled to consider a reasonable estimate of attorney's fees in assessing whether this case can cross the required $75,000 hurdle.  See Dep't of Recreation &

---

[1] A quick review of the docket in Gagne v. George Weston Bakeries Distrib., Inc. (Docket # 2:05-cv-77-GZS) offers no suggestion that Mr. Negley actually recovered the claimed amount in that litigation.

Sports v. World Boxing Assoc., 942 F.2d 84, 89-90 (1st Cir. 1991) (explaining that a reasonable estimate of attorney's fees can be part of the amount in controversy only when an award of attorney's fees is allowed by statute or contract).  Defendant has proffered that Christopher Finley may ultimately be entitled to an attorney's fee award of $26,700 and Robert Finley might recover approximately $34,700 in light of the fact that Robert alone is seeking a preliminary injunction.  In the absence of any objection or reply by Plaintiffs, the Court has no reason to believe that these estimated attorney's fees overstate the attorney's fee portion of the litigation value for Plaintiffs' claims.  Thus, even if either Plaintiff did not recover the entirety of the amount paid for his distribution route, the attorney's fee award in addition to an award of some lesser amount of actual damages would more likely than not exceed $75,000.[2]

## IV.   CONCLUSION

Defendant has established by a preponderance of the evidence that the reasonable litigation value of each Plaintiff's claims exceeds the requisite $75,000 amount in controversy.  On this basis, Plaintiff's Objection to Removal is DENIED.

If Plaintiff Robert Finley wishes to press the request for a preliminary injunction contained in the Complaint, he shall promptly file a separate motion in accordance with Federal Rule of Civil Procedure 65.  Defendant is hereby notified that, upon Plaintiff's request, the Court will order expedited briefing on any motion seeking preliminary injunctive relief.

SO ORDERED.

   /s/ George Z. Singal
United States Chief District Judge

Dated this 1st day of February 2007.

---

[2] The Court notes that both Plaintiff's Objection to Removal (Docket # 8) and Defendant's Response (Docket # 9) include passing references to claims for punitive damages.  The Court has not considered any claims for punitive damages in assessing the requisite amount in controversy based on finding no explicit request for punitive damages in the Complaint in this case.