UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT FINLEY, et al.,         ) | |
| ) | |
| Plaintiffs       ) | |
| ) | |
| v.                              ) | Docket No. 06-188-P-S |
| ) | |
| GEORGE WESTON BAKERIES  ) | |
| DISTRIBUTION, INC.,         ) | |
| ) | |
| Defendant      ) | |

*MEMORANDUM DECISION ON MOTION FOR LEAVE TO FILE AMENDED ANSWER*

The defendant moves for leave to file an amended answer to add a counterclaim against plaintiff Robert Finley. Motion for Leave to Amend Defendant's Answer ("Motion") (Docket No. 12) at 1. The scheduling order in this case set a deadline of January 29, 2007 for amending the pleadings. Scheduling Order with Incorporated Rule 26(f) Order (Docket No. 5) at 1. The defendant asserts that it did not move to amend its answer in a timely fashion due to its "hope[] that this case would be resolved" and it "did not and could not know how much Robert [Finley] would owe [the defendant] after the proceeds from the sale of his distribution rights were applied to his debt . . . until February 7[.]" *Id*. at 1, 4. The plaintiffs oppose the motion, contending that they do not need any discovery, that the attempted settlement to which the defendant refers consisted of "[o]ne e-mail correspondence that [went] without a response" and that the defendant knew at all relevant times that it had a counterclaim against Robert Finley, lacking only knowledge of the specific amount of damages that it would demand in connection with that claim. Objection to Defendant's Motion for Leave to Amend Defendant's Answer (Docket No. 15) at 1-2. In reply, the defendant asserts that its delay in seeking to assert the

1

counterclaim is not "unseemly" and that the plaintiffs do not suggest that they will suffer any unfair prejudice if the amendment is allowed. Defendant's Reply in Support of Motion for Leave to Amend Defendant's Answer (Docket No. 16) at 1-3.

The deadline to complete discovery in this case is April 16, 2007. Scheduling Order at 2. Dispositive motions must be filed no later than May 7, 2007 and the case is to be ready for trial by July 30, 2007. *Id*.

It is true that the plaintiffs do not attempt to demonstrate that they will be unfairly prejudiced by the addition of the counterclaim at this late date or that the proposed amendment would be futile, but those are not the only considerations relevant to the defendant's motion. Undue delay may also result in denial of a motion to amend. *Larocca v. Borden, Inc.*, 276 F.3d 22, 32 (1st Cir. 2002). Here, waiting for a response to a settlement proposal does not justify waiting until after the court's deadline for amendment of the pleadings to seek leave to add a counterclaim, nor does the professed need to determine the precise amount of damages that will be demanded on the counterclaim. The defendant knew from the time of the events giving rise to the complaint that it had a claim against Robert Finley, although it may not have known the precise dollar amount of that claim. In any event, by its own account, the defendant knew the amount of that claim no later than January 28, 2007, Motion at 3, the day before the deadline for amendment of the pleadings. Yet, it did not seek leave to amend before the deadline, nor did it request an extension of the deadline. This court requires that a motion to amend filed after the deadline for amendment set by a scheduling order must establish good cause or excusable neglect. *Kropp v. School Union No. 44*, 238 F.R.D. 329, 330-31 (D. Me. 2006). The defendant's explanations in this case establish neither.

This court's scheduling deadlines are not a mere suggestion, subject to the convenience of counsel. The defendant's delay in this case can only be described as undue and not the result of good

cause or excusable neglect.  *See also Darling's v. General Motors Corp.*, 235 F.R.D. 26, 28 (D. Me. 2006); *Lamarche v. Metropolitan Life Ins. Co.*, 236 F.Supp.2d 34, 43 (D. Me. 2002).

    The motion for leave to amend the answer is **DENIED**.


Dated this 22nd day of March, 2007.

                                                /s/ David M. Cohen
                                                David M. Cohen
                                                United States Magistrate Judge

Case 2:06-cv-00188-GZS   Document 17   Filed 03/22/07   Page 3 of 3   PageID #: 135